IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BEN EZRA, WEINSTEIN AND COMPANY,

        Plaintiff,

vs.                              No. CIV 97-485 LH/LFG

AMERICA ONLINE INCORPORATED,

        Defendant.

## MEMORANDUM AND ORDER STAYING DISCOVERY

THIS MATTER came before the Court on Defendant American Online, Inc.'s ("AOL") unfiled motion to stay discovery and toll discovery deadlines and for a protective order. Plaintiff, Ben Ezra, Weinstein and Company, Inc. ("BW&C"), opposes the motion. Oral argument is not necessary. This matter may be resolved based on the parties' submissions.

### Background

BW&C filed suit against AOL, alleging that AOL repeatedly published incorrect and defamatory information on the Internet concerning B,W&C's publicly traded stock. The misinformation posted on the Internet allegedly caused the price of the stock to plummet and caused BW&C to suffer financial damages. BW&C brings this action against AOL to recover for damages allegedly incurred.

### AOL's Section 230 Motion

AOL moves for summary judgment based on Section 230(c) of the Communications Decency Act of 1996. 47 U.S.C. § 230(b)(1)(2). Claiming that Congress granted immunity to interactive computer services, such as AOL, for the type of defamation asserted by BW&C. In Blumenthal v.

Drudge, 992 F. Supp. 44 (D. D.C. 1998), the court discussed Section 230(c) of the Act and stated:

> In February of 1996, Congress made an effort to deal with some of these changes in enacting the Communications Decency Act of 1996. While various policy options were open to Congress, it chose to "promote the continued development of the Internet and other interactive computer services and other interactive media" and "to preserve the vibrant and competitive free market" for such services, largely "unfettered by Federal or State regulation . . . ." 47 U.S.C. §§ 230(b)(1) and (2).  Whether wisely or not, it made the legislative judgment to effectively immunize providers of interactive computer services from civil liability in tort with respect to material disseminated by them but created by others.  In recognition of the speed with which information may be disseminated and the near impossibility of regulating information content, Congress decided not to treat providers of interactive computer services like other information providers such as newspapers, magazines or television and radio stations, all of which may be held liable for publishing or distributing obscene or defamatory material written or prepared by others.  While Congress could have made a different policy choice, it opted not to hold interactive computer services liable for their failure to edit, withhold or restrict access to offensive material disseminated through their medium.

Id. at 992 F. Supp. 44, 49.

AOL claims it is immune from damages and should be immune from the burdens of discovery until the Court considers and rules on AOL's motion.

The Communications Decency Act provides in relevant part, "No provider. . . of an interactive computer services shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230.  Further, the statute provides, "No cause of action may be brought and no liability may be imposed under any state or local law that is inconsistent with this section." Id. § 230(d)(3).  In the few decisions relating to the Communications Decency Act, courts have upheld Section 230 immunity.  See, e.g., Zeran v. America Online, Inc. 129 F.3d 327 (4th Cir. 1997), *cert. denied*, ___ S. Ct. ___, 1998 WL 111522 (June 22, 1998); Blumenthal v. Drudge,

992 F. Supp. 44 (D. D.C. 1998); Doe v. America Online, Inc., 1997 WL 374223 (Fla. Cir. Ct. June 26, 1997)(No. Civ CL 97-631 AE).

This motion has yet to be fully briefed. Thus, it is not yet ripe for adjudication. However, pending the Court's consideration of the motion, AOL seeks to stay discovery and to abate case management deadlines.

### Motion to Stay Discovery

In the present motion to stay discovery, AOL argues that the congressional immunity provided by the Communications Decency Act is similar to qualified immunity that is provided to governmental officials performing discretionary functions. The doctrine of qualified immunity not only protects government officials from the liability, but also from "the other burdens of litigation" which include "the burdens of broad reaching discovery." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815 (1985)(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982).

AOL argues that just as governmental officials who perform discretionary functions are granted immunity from liability and from the burdens of litigation, that it, too, as a interactive computer service provider, is entitled to congressional immunity from liability and for immunity from the burdens of litigation. While this issue has not squarely been presented to a court for resolution, a brief review of the few cases involving Section 230 immunity shows that, at times, discovery was stayed. In Blumenthal v. Drudge, the district court stayed discovery pending consideration and ruling on AOL's motion for summary judgment. It also appears that in the other Section 230 cases cited above, the parties agreed to stay discovery pending resolution of the dispositive motion, or that summary judgment was granted prior to discovery.

The policy considerations that afford public officials protection from the burdens of litigation in Section 1983 cases seem applicable here. Congress' grant of immunity to interactive computer service providers, such as AOL, were intended to afford a special protection to this unique electronic medium. Congressional policy considerations, as enunciated in Zeran v. America Online, Inc. are similar to the policy considerations cited by the Supreme Court in Harlow v. Fitzgerald, and, accordingly, this Court believes that the same type of immunity from the burdens of litigation should appropriately be afforded to AOL. Moreover, a stay of discovery is consistent with the cost-savings provisions of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.* That is not to say that AOL should be immune from all discovery. In Maxey by Maxey v. Fulton, 890 F.2d 279, 282 (10th Cir. 1989), the court noted that qualified immunity is not a shield from all discovery. This concept was additionally advanced in Lewis v. City of Ft. Collins, Co., where the court stated:

> In some cases, discovery may be necessary to determine whether the defendants' challenged conduct violated clearly established law and thus, whether defendants are entitled to qualified immunity. However, until the threshold immunity question is determined, discovery shall be limited to resolving that issue alone.

Lewis v. City of Ft. Collins, Co., 903 F.2d at 754 (10th Cir. 1990)(quoting Maxey by Maxey v. Fulton, 890 F.2d at 283. Such will be the case here. While the Court is willing to extend the same immunity from the burdens of discovery to AOL as it extends to governmental employees who perform discretionary functions, this does not mean that the discovery bar is absolute. In response to AOL's motion for summary judgment, BW&C may file a Fed. R. Civ. P. 56(f) affidavit, showing what discovery it wishes to take and how that discovery will assist in defeating AOL's prima facie showing. Should the Court determine that discovery is appropriate, the Court can issue a supplementary order authorizing discovery and specifically outlining the scope and extent of

discovery, if any, that will be permitted. Until that time, however, the Court determines that AOL's motion to stay discovery is well-taken, and, therefore, formal discovery is stayed pending further order of the Court. The Court will also abate case management deadlines relating to expert disclosure and Rule 26 expert reports.

                                                              Lorenzo F. Garcia
                                                              United States Magistrate Judge