IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BEN EZRA, WEINSTEIN, AND
COMPANY, INC.,

    Plaintiff,

    vs.                                                                                                            No. CIV 97-485 LH/LFG

AMERICA ONLINE, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion for Summary Judgment (Docket No. 57), filed August 10, 1998; Plaintiff's Cross-Motion for Partial Summary Judgment (Docket No. 67), filed August 28, 1998; Plaintiff's Motion to Stay Proceedings Against Defendant America Online, Inc. (Docket No. 88), filed February 11, 1999; and Plaintiff's Motion to Amend Complaint to Join Additional Defendants (Docket No. 90), filed February 11, 1999. The Court, having considered the pleadings submitted by the parties, the applicable law, and otherwise being fully advised, finds that the Defendant's motion is well taken and will be **granted** and that the Plaintiff's motions are not well taken and will be **denied**.

### INTRODUCTION

Plaintiff, Ben Ezra, Weinstein, and Company (BEW), filed suit seeking damages from Defendant America Online (AOL) claiming that it suffered injuries when the value of its stock was

inaccurately reported on AOL's interactive computer service. The Defendant filed its motion seeking summary judgment asserting that it is immune from suit under federal law and arguing that it cannot be held liable for any errors in the stock information available on its service as that data is provided by third-party "information content providers." *See* 47 U.S.C. § 230. In response, BEW filed a cross-motion for summary judgment opposing the Defendant's motion and seeking partial summary judgment in its favor. The Plaintiff simultaneously filed a motion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure seeking discovery relating to the origin of the stock data in order to fully respond to the Defendant's motion. The magistrate granted this motion and after the ninety day period for narrowly tailored discovery was complete both parties filed supplemental briefs on the summary judgment motions. Finally, the Plaintiff filed motions to stay these proceedings against AOL and to amend its complaint to include the two additional parties who, AOL asserts, provided the allegedly inaccurate stock information. This remarkable number of unnecessarily voluminous pleadings all address the relatively simple question of whether AOL qualifies for statutory immunity from this defamation and negligence suit as an "interactive computer service." *See* 47 U.S.C. § 230.

## UNDISPUTED MATERIAL FACTS

Although there are numerous facts discussed in the pleadings, the undisputed material facts relevant to the immunity question establish that AOL provides "an electronic information service (the 'AOL service') that enables millions of subscribers to access various information and information services, including the Internet, through modem connections to computer servers." (Def.'s Mem. Supp. Mot. Summ. J. (hereinafter Def.'s Mem.) ¶ 1.) The Defendant has also established that the stock information available in the "Quotes & Portfolios area of the AOL service, including all of the allegedly erroneous information concerning BEW's stock that is the subject [of this suit], was

provided by . . ." two separate and distinct companies known as ComStock and Townsend. (*Id.* ¶ 3.)

It is true, as the Plaintiff repeatedly points out, that there were communications between AOL, ComStock, and Townsend each time errors in the stock data came to AOL's attention and that AOL attempted to help its vendors correct these errors. (*See generally* Pl.'s Mem. Supp. Cross-Mot. Summ. J. and Opp. Def.'s Mot. Summ. J. (hereinafter Pl.'s Mem.); Pl.'s Supp. Mem. Opp. Def.'s Mot. Summ. J. (hereinafter Pl.'s Supp. Mem.).) However, such communications and the efforts AOL engaged in to get ComStock and Townsend to correct these errors do not change the fact that AOL never produced or altered any of the allegedly inaccurate information. Plaintiff admits as much by filing its motions to stay the proceedings against AOL and to add ComStock and Townsend as defendants in this action. (*See* Pl.'s Mem. Supp. Mot. Stay at 2 (agreeing that if AOL "is not responsible for the inaccurate" stock information it should not be a party to this action, but seeking additional discovery from ComStock and Townsend to determine AOL's culpability); *but see* Pl.'s Mot. Stay ¶ 12 (stating that at this time "Plaintiff continues to believe and allege that AOL was responsible for the errors in publishing and reporting of Plaintiff's stock information").)

Moreover, despite its repeated allegations that AOL somehow manipulated the data stream from ComStock, Plaintiff points to no evidence which can be shown to dispute the AOL evidence that clearly establishes that the third-party companies ComStock and Townsend *provided* all of the *information* displayed on the AOL interactive computer service and that AOL never added to the content they produced. (*See e.g.* Pl.'s Supp. Mem. ¶ 3(a)-(e) (stating that AOL works "closely" with vendors ComStock and Townsend "to get financial data from the source (the stock exchanges) to AOL's customer (the AOL Quotes & Portfolio subscriber)" and noting that the vendors' computers

are housed on AOL premises, that AOL loaded Townsend software on the vendors' computers, and that AOL has repeatedly communicated with its vendors about problems as they come to its attention).)

**MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff claims that "[f]alse and defamatory information regarding BEW's stock was knowing and repeatedly *published* by AOL" and that "AOL failed to exercise reasonable care in the manipulation, alteration, and change of . . ." the value of BEW's stock. (First Amend. Compl. ¶¶ 36, 44 (emphasis added).) Plaintiff alleges that it was injured as a result and seeks damages and injunctive relief prohibiting AOL from "*publishing* false and erroneous information about BEW." (*Id*. ¶ 51 (emphasis added).) Defendant asserts in its Motion for Summary Judgment that it is immune from suit pursuant to 47 U.S.C. § 230. Recognizing the uniqueness of the new medium known as the Internet, Congress enacted Section 230, in part, to prevent those computer services which simply transmit information from being held liable for content provided by other entities. *See* 47 U.S.C. § 230(c)(1) (stating that "no provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider"). Section 230 creates a distinction between "interactive computer services"—a system which merely transmits information—and "information content providers"—a person or entity which creates or develops, in whole or in part, information transmitted by computer. *See* 47 U.S.C. § 230(e)(2) and (3).

This distinction recognizes that placing traditional publisher or distributor liability for defamatory statements on computer services like Defendant AOL's would "create an impossible burden" requiring the review of literately hundreds of thousands of postings each day for defamatory content and second by second decisions about whether "to risk liability by allowing the continued

publication of that information." *See Zeran v. America Online, Inc.*, 129 F.3d 327, 333 (4th Cir. 1997). To avoid this "impossible burden," Congress established Section 230's broad immunity from suit for "information service providers" when the allegedly defamatory information is created or produced by a third-party.

The Defendant clearly qualifies for this immunity. There is no dispute that AOL is an "interactive computer service" as defined by Section 230. (*See* Pl. Mem. ¶ 2.) Moreover, despite the Plaintiff's repeated allegations to the contrary, there is no evidence in the record which contradicts the AOL declarant's statements that all of the allegedly defamatory information was created "in whole or in part" by the third-party "information content providers" ComStock and Townsend. (*See* Def.'s Mem. ¶¶ 3, 7 (citing Ex. 1, Shenk Decl. ¶¶ 8, 13-16; Ex. 2, Hsu Decl. ¶¶ 5-6, 8-14). Nor is there any evidence cited by the Plaintiff that AOL provided *any* of the *information* in the ComStock data stream.[1] Applying this immunity to the claims made by the Plaintiff require their dismissal. *See Zeran*, 129 F.3d at 332 (holding that "Section 230 . . . plainly immunizes computer service providers like AOL from liability for information that originates with third parties").

---

[1] There is some discussion that in an effort to correct errors and at the direction of ComStock AOL may have deleted some stock symbols or other information from the database in the "Townsend Computers" housed in AOL facilities. (*See* Pl. Supp. Mem. ¶ 7.) The Court concludes, however, that this act does not turn AOL into an "information content provider." AOL merely made the data unavailable and did not create or develop the information displayed. *See* 47 U.S.C. § 230(e)(3). Nor does AOL's participation in establishing or maintaining its connection to the ComStock data stream or its efforts to get its vendors to correct errors in their service constitute *creating* or *developing* the information content provided by ComStock and Townsend. *See Zeran*, 129 F.3d at 331 (noting "Congress enacted § 230 to remove . . . disincentives to self-regulation . . . [f]earing that the specter of liability would . . . deter service providers from blocking and screening offensive material . . . § 230 forbids the imposition of publisher liability on a service provider for the exercise of its editorial and self-regulatory functions").

Count I of Plaintiff's First Amended Complaint alleges that AOL defamed BEW by publishing the allegedly inaccurate stock information. (*See* First Amend. Compl. ¶¶ 36-40.) This claim plainly attempts to hold AOL liable for the "publication" of information provided by third party information content providers. Section 230 provides AOL with immunity from this claim and it will be dismissed. *See* 47 U.S.C. § 230(c)(1); *Blumenthal v. Drudge*, 922 F. Supp. 44, 51 (D.D.C. 1998) (holding Congress provided immunity to information service providers "even where [they] have an active, [or] aggressive role in making available content prepared by others"). Similarly, despite Plaintiff's efforts to repackage its injuries in Count II as a negligence claim (*see* First Amend. Compl. ¶¶ 43-46), that claim clearly treats AOL as the publisher of the allegedly inaccurate information and AOL is entitled to Section 230 immunity. *See* 47 U.S.C. § 230(c)(1) (stating that interactive service providers will not be "treated as the publisher or speaker of any information" provided by a third party); *Zeran*, 129 F.3d at 332 (dismissing claims despite Plaintiff's artful efforts to plead negligence, finding that "they are indistinguishable from a garden variety defamation action"). Finally, the Plaintiff seeks injunctive relief from the Defendant's continued *publication* of inaccurate stock information. AOL is again entitled to Section 230 immunity and this claim will be dismissed as well. *See id*. For these reasons, the Defendant's Motion for Summary Judgment will be granted and the Plaintiff's Cross-Motion for Summary Judgment will be denied.

### MOTIONS TO STAY PROCEEDINGS AND TO AMEND THE COMPLAINT

Having concluded that AOL is entitled to immunity pursuant to 47 U.S.C. § 230 and that the Defendant's Motion for Summary Judgment should be granted, the Court finds that Plaintiff's eleventh hour motions to stay proceedings against AOL and to amend its First Amended Complaint

to include ComStock and Townsend as defendants are unnecessary.[2] Plaintiff has offered no compelling reason to permit this futile cause to keep AOL ensnared for even one more moment. Nor has the Plaintiff pointed to any compelling reason which would require the Court to permit amendment of its complaint to name two entirely distinct defendants for actions separate from the AOL conduct alleged here. Therefore, the Court will deny the motions to stay and to amend as moot. However, the Plaintiff is free to file a separate suit against any other entity it believes is responsible for its alleged injuries, assuming that entity is not entitled to Section 230 immunity.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Summary Judgment (Docket No. 57), filed August 10, 1998, is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Cross-Motion for Partial Summary Judgment (Docket No. 67), filed August 28, 1998, is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Proceedings Against Defendant America Online, Inc. (Docket No. 88), filed February 11, 1999, and Plaintiff's Motion to Amend Complaint to Join Additional Defendants (Docket No. 90), filed February 11, 1999, are **denied as moot**.

**IT IS FURTHER ORDERED** that all of the Plaintiff's claims in its First Amended Complaint are **dismissed with prejudice** as against Defendant AOL and are otherwise **dismissed without prejudice**.

---

[2] As the Defendant points out, there is no reason why Plaintiff could not have sought the discovery it now requests from ComStock and Townsend. (*See* Def. Joint Opp. Pl.'s Mot. Amend and Stay at 10.) The Court finds that the Plaintiff has had a full and fair opportunity for discovery into this narrow issue and that a further opportunity for discovery is unwarranted.

**IT IS FINALLY ORDERED** that the hearing set in this matter for Wednesday March 3, 1999, is **vacated** and will not be rescheduled.

```
                                    _____
                                    UNITED STATES DISTRICT JUDGE
```